**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RICHARD CICCOTELLI and**<br>**MAUREEN MASON** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | **NO. 08-1886** |
| **vs.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | |
| **Defendant.** | : | |

**DuBOIS, J.**                                                                      **June 09, 2009**

## M E M O R A N D U M

### I.   Introduction

This case concerns a remittance of $50,000 that plaintiffs, Richard Ciccotelli and Maureen Mason, made to the Internal Revenue Service ("IRS") on January 17, 2001. On September 9, 2005, plaintiffs filed a claim for a refund with the IRS, which was denied. In its Order and Memorandum of April 2, 2009, the Court concluded that, contrary to the IRS determination, plaintiffs were entitled to have their $50,000 credited toward their future tax liability. Ciccotelli v. United States, No. 08-CV-1886, 2009 WL 929106, *1 (E.D. Pa. Apr. 2, 2009). The Court also awarded plaintiffs interest on the $50,000 from the date their 2000 federal income tax return was filed.

Presently before the Court is the United States' Motion for Partial Reconsideration of the Order Entered on April 3, 2009 ("Motion for Partial Reconsideration"). For the reasons that follow, defendant's Motion for Partial Reconsideration is granted. That part of the Order of April 2, 2009 awarding plaintiffs interest from the date plaintiffs' 2000 federal income tax return was filed is vacated. In addition, reference in the Memorandum of April 2, 2009 to plaintiffs' entitlement to interest from the date plaintiffs' 2000 federal income tax return was filed is

1

deleted.[1]

## II.  Background

The relevant facts and procedural history of this case are stated in detail in the Court's

Order and Memorandum of April 2, 2009. Ciccotelli, 2009 WL 929106, *1–2. Accordingly, this

Memorandum sets forth only the factual and procedural background necessary to resolve the

motion presently before the Court.

On January 17, 2001, plaintiffs sent a check for $50,000 to the IRS "[t]o avoid any kind

of penalties or interest" in anticipation of being unable to file their taxes on time because of

impending "pure personal turmoil . . . ." Id. at 1 (quoting Richard Ciccotelli Dep. 16:22–24,

17:9–10, 17:23–18:5, 36:6–11, Sept. 18, 2008, Ex. 104 to Def.'s Mem. Supp. Cross-Mot.). Due

to "severe medical problems" within their family, plaintiffs were unable timely to file their

federal tax returns for the years of 2000 to 2004. Id. at 2 (quoting Ciccotelli Dep. 39:14–42:17).

They ultimately submitted these returns in 2005. Id.

The IRS considered plaintiffs' 2000 tax return as an administrative request for a refund

and transferred, inter alia, the $50,000 remittance to an excess collections account. Id. In

addition, the IRS denied plaintiffs' claim for a refund on the ground that the statute of limitations

for a request of credit or refund had run. Id. To pursue their claim of refund, plaintiffs initiated

the instant lawsuit. On December 12, 2008, plaintiffs filed a Motion for Summary Judgment, and

on December 20, 2008, the United States filed a Cross-Motion for Summary Judgment.

In its Order and Memorandum of April 2, 2009, the Court identified the sole legal

---

[1] There is only one reference to payment of interest in the Memorandum—the last phrase
of the last sentence in the Memorandum.

question at issue in the case as whether plaintiffs' remittance of $50,000 was a "payment" or a "deposit" under federal tax law. Id. at 3. "If the remittance is a 'payment,' the claim is barred by the expiration of the applicable statute of limitations. On the other hand, if the remittance is a 'deposit,' plaintiffs are entitled to a refund of $50,000." Id. The Court concluded that the $50,000 remittance was a "deposit" under the applicable legal standard[2] because: plaintiffs submitted it with the intention of making a "deposit," not a "payment;" the timing of plaintiffs' remittance in relation to their tax liability weighed in favor of treating the remittance as a "deposit" rather than as a "payment;" and that, notwithstanding the IRS's treatment of the $50,000 as a "payment," the "'facts and circumstances' surrounding the remittance demonstrate that it was a 'deposit' and not a 'payment.'" Id. at 4–9.

Accordingly, the Court granted judgment in favor of plaintiffs and against defendant in the amount of $50,000, less any tax due, plus interest from the date plaintiffs' 2000 federal income tax return was filed. Id. at 1, 9. On April 23, 2009, defendant filed the instant Motion for Partial Reconsideration. On May 29, 2009, defendant filed a notice of appeal to the United States Court of Appeals for the Third Circuit.[3]

---

[2] The applicable legal standard is a three prong "facts and circumstances" test, which assesses the timing of the remittance, the intent of the taxpayer in making the remittance, and how the IRS treated the remittance upon receipt of the remittance. Blom v. United States, 97 A.F.T.R. 2d 2006-2777, 2779 (E.D. Pa. 2006) (citing Fortugno v. C.I.R., 353 F.2d 429 (3d Cir. 1965); Rosenman v. United States, 323 U.S. 658, 661–63 (1945)).

[3] Under Federal Rule of Appellate Procedure 4(B)(I), the filing of a notice of appeal "after the court . . . enters a judgment—but before it disposes" of a motion under Rule 59 (e.g., a motion for reconsideration) "becomes effective to appeal a judgment . . . when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(B)(i). Thus, the notice of appeal becomes effective as of the date of this Memorandum and Order. See Avila v. Sullivan, 46 F.3d 1150, 1150 (10th Cir. 1995) (stating that Fed. R. App. P. 4(a)(4) was amended in 1993 "to allow a premature notice of appeal to become effective upon the denial of a Rule 59

IV.    **Standard of Review**

The purpose of a motion for reconsideration of an order is to correct manifest errors of law or fact, or to present newly discovered evidence. Max's Seafood Café v. Max Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A prior decision may be altered or amended only if the party seeking reconsideration establishes at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id. "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995); see also Rottmund v. Continental Assurance Co., 813 F. Supp. 1104, 1107 (E.D. Pa. 1992).

Moreover, a "motion for reconsideration is not properly grounded on a request that a court rethink a decision already made." Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993); see also United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) ("Parties are not free to relitigate issues which the court has already decided."). "The motion for reconsideration should not be used as a vehicle for endless debate between the parties and the court." Karr v. Castle, 768 F. Supp. 1087, 1093 (D. Del. 1991).

V.    **Discussion**

In its Motion for Partial Reconsideration, defendant argues that the Court erred with respect to one discrete aspect of its prior ruling—namely, that the Court should not have granted plaintiffs interest from the date on which they filed their 2000 federal income tax return. (Def.'s motion").

4

Mot. Partial Reconsideration 1.) Defendant's argument for reconsideration implicates the third prong of the legal standard by which motions for reconsideration are granted: the need to correct a clear error of law or fact or to prevent manifest injustice. Defendant's claim is not analyzed under the first two prongs of this legal standard because defendant does not argue that there has been an intervening change in controlling law or that new evidence that was not available when the court issued its order has become available.

In support of its argument, defendant cites an Eastern District of Pennsylvania case in which Judge Lawrence F. Stengel ruled that a remittance that is deemed a "deposit" cannot accrue interest at any point, even after the taxpayers' tax return is filed and during the pendency of proceedings to determine whether the remittance is a "deposit" or a "payment." Blom v. United States, 98 A.F.T.R. 2d 2006-7900, 7902–7903 (E.D. Pa. 2006). In Blom, after the taxpayer received judgment in her favor determining that her remittance of $140,000 was a "deposit," the taxpayer sought "interest running from the date of the filing of the estate tax return." Id. at 7901. Judge Stengel noted that "the Internal Revenue Procedures clearly state, several times, that no interest shall be paid on any deposit returned to a taxpayer" and that "it is a well established legal principle that a taxpayer is not entitled to collect interest for any deposit she makes with the IRS." Id. at 7902 (citing Rev. Proc. 84-58, 1984-2 C.B. 501, §§ 4, 5 (July 1984) (superseded by Rev. Proc. 2005-18, 2005-1 C.B. 798 (Mar. 28, 2005))). Concluding that the taxpayer was, inappropriately, "trying to have the best of both worlds, i.e., the deposit world and the payment world," Judge Stengel ordered the return of the taxpayer's deposit "*without interest*." Id. at 7903 (emphasis in original).

Defendant is correct that "[t]his Court [has] the same situation before it as the court did in

Blom." (Def.'s Mot. Partial Reconsideration 2.) That is, in this case, plaintiff taxpayers obtained a favorable ruling that their $50,000 remittance was a "deposit," but also requested "interest from the date of filing [their 2000 federal income tax] return on August 1, 2005." (Pls.' Mot. Summ. J. 6 n.3).[4] However, based on the Blom court's analysis, which the Court finds persuasive, interest should not be paid on a "deposit" returned to a taxpayer. Thus, upon reconsideration of its prior ruling, the Court will not award interest on plaintiffs' $50,000 "deposit."

## VI.   Conclusion

For the foregoing reasons, the Court grants defendant's Motion for Partial Reconsideration. That part of the Order of April 2, 2009 awarding plaintiffs interest from the date plaintiffs' 2000 federal income tax return was filed is vacated. In addition, reference in the Memorandum of April 2, 2009 to plaintiffs' entitlement to interest from the date plaintiffs' 2000 federal income tax return was filed is deleted. An appropriate Order follows.

---

[4] In their response to defendant's Motion for Partial Reconsideration, plaintiffs argue that Blom is distinguishable from this case because the Blom taxpayer's tax return "reflected no tax was due." (Pls.' Objections Partial Reconsideration 2) (emphasis in original). However, plaintiffs offer no authority in support of this position and the Court rejects it.